446 F.2d 1010
 Tracy LEWIS, Petitioner-Appellant,
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary,
Respondent-Appellee.
No. 30729 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 July 15, 1971.
 
 Tracy Lewis, pro se.
 Jack E. Yelverton, Asst. Atty. Gen., Baton Rouge, La., Samuel C. Cashio, Dist. Atty., Plaquemine, La., Jack P. F. Gremillion, Atty. Gen., Stacey Moak, Baton Rouge, La., Sp. Counsel, for respondent-appellee.
 Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit judges.
 PER CURIAM:
 
 
 1
 Appellant Lewis, a Louisiana state prisoner, appeals from the district court's denial, after an evidentiary hearing, of his petition for the writ of habeas corpus. We affirm.
 
 
 2
 The sole contention presented upon this appeal is that appellant's court-appointed attorney rendered ineffective representation at trial by his failure to subpoena an alleged alibi witness as requested by appellant.
 
 
 3
 The district court conducted a full evidentiary hearing at which appellant was present and represented by counsel. No evidence was offered in support of the claimed denial of effective counsel except appellant's own testimony. Appellant's allegations were repudiated by his former court-appointed counsel who testified that he had attempted to contact the alleged alibi witness on a number of occasions prior to trial, to no avail. He stated that as a matter of discretion he did not subpoena the witness because 'when I have no idea what testimony is going to be elicited from a witness before he takes the witness stand, I'm not inclined to call him under any circumstances.'
 
 
 4
 The district court, having heard the two witnesses' testimony, found that appellant had been represented by competent counsel, and that his attorney had done 'everything that an attorney could possibly be expected to do in defense of his client.' The alleged alibi witness was appellant's former employer in Baton Rouge, Louisiana, the city in which the federal evidentiary hearing was held. The record does not indicate that any attempt was made by appellant to subpoena this man to testify at the hearing, nor to obtain his deposition or affidavit for use as authorized by 28 U.S.C. 2246.
 
 
 5
 The court below found that appellant failed to prove his contention by a preponderance of credible evidence; and after a careful examination of the record in this case we perceive no error in the district court's ruling. Smith v. Smith, 433 F.2d 582 (5th Cir. 1970); O'Neal v. Smith, 431 F.2d 646 (5th Cir., 1970); Bowden v. State of Florida, 430 F.2d 1328 (5th Cir., 1970); Williams v. Beto, 354 F.2d 698 (5th Cir., 1965).
 
 
 6
 The judgment of the district court is affirmed.